H. A. Wenzel *v.* Pauline Levis, Appellant.

Argued October 1, 1930.

Before TREX-
LER, P. J., LINN, GAWTHROP, CUNNINGHAM, BALDRIGE
and WHITMORE, JJ.

*Leon E. Sperling,* and with him *Wolf, Block, Schorr
and Solis-Cohen,* for appellant.

*Howard E. Heckler,* and with him *Harry M. Miller,* for appellee.

Opinion by Gawthrop, J., November 20, 1930:

This is a suit in assumpsit to recover a deposit of $400 paid by plaintiff to defendant, under the terms of a written agreement for the purchase and sale of a cigar stand in the Denckla Building in the City of Philadelphia. Defendant did not own the building in which the cigar stand was located. Under the terms of the agreement she was obliged to furnish and deliver to plaintiff a lease from the landlord for the part of the premises in which the stand was located, for the period of one year, at the rental of $600 a year, and she agreed that if she failed to obtain and deliver such a lease she would return to plaintiff the deposit paid on account of the purchase price. On the date fixed in the agreement for settlement the parties met and plaintiff tendered to defendant the balance of the purchase price, and demanded the lease provided for in the agreement. Defendant offered to plaintiff two leases, one for a term of ten months and another for a term of two months. Plaintiff refused to accept these leases on the ground that they did not comply with the provision of the contract in that "there was no direct lease furnished—that is, made out to me for one year," and demanded the return of his deposit. The crucial question of fact raised by the evidence produced at the trial was whether these leases were such as plaintiff was bound to accept. The effect of the general finding of the court below for plaintiff is that they were not.

On this appeal from the refusal of the court below to enter judgment for defendant notwithstanding the finding for plaintiff, the single question presented by appellant for determination is whether the evidence supports a finding of fact that defendant did not fur-

nish and offer to deliver to plaintiff a lease which the latter was bound to accept. The leases which plaintiff refused to accept were not produced at the trial and, therefore, the trial judge had no opportunity to inspect them. Nor did defendant account for their nonproduction. But from our study of the evidence touching the question what they contained we are of one mind that it supports a finding that defendant failed to offer plaintiff an unconditional lease for the term of one year as she was required to do by her contract. Further discussion is unnecessary.

The judgment is affirmed.